IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. BREANNE MARIE BAME Defendant. | Case No. CR-19-01-H-BMM ORDER |
|---|---|

## BACKGROUND

Breanne Bame has moved the Court to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 167. The Court sentenced Bame in 2020 to 97 months of incarceration, followed by 60 months of supervised release for distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Doc. 137. Her time in custody began on April 30, 2019. See Doc. 139.

Bame has served approximately fifty-three of her ninety-seven month sentence. She is currently at the Seattle Residential Reentry Management Filed Office, specifically the Pioneer Fellowship House in Seattle, Washington. Bame's scheduled release date is March 20, 2025. *See* https://www.bop.gov/inmateloc/ (accessed Sept. 28, 2023).

1

I. **Availability of Relief Under 18 U.S.C. § 3582**

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *U.S. v. Brown,* 411 F. Supp. 3d 466, 448 (S.D. Iowa). The First Step Act amendments to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Bame's Motion.

Under the plain language of 18 U.S.C. § 3582(c)(1), a district court may grant compassionate release if three requirements are met. First, it must find that "extraordinary and compelling reasons" warrant such a reduction. Second, it must find that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. And, third, it must not grant a reduction until it has considered the factors set forth in 18 U.S.C. § 3553(a). *U.S. v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021).

Congress did not provide a statutory definition of "extraordinary and compelling reasons." Instead, it directed the Sentencing Commission, "in promulgating general policy statements regarding [the application of] . . . § 3582(c)(1)(A) . . . [to] describe what should be considered extraordinary and compelling reasons for sentence reduction . . ." *Aruda*, 993 F.3d at 800 (citing, 28 U.S.C. §§ 994(t)).

The Sentencing Commission's policy statement regarding § 3582(c)(1)(A),

which is set forth in USSG § 1B1.13, predates the First Step Act. As a result, it refers only to motions filed by the Bureau of Prisons Director and does not reference motions filed by a defendant. As it now reads, a court may reduce a term of imprisonment "upon motion of the Director of the Bureau Prisons" if, after considering the § 3553(a) sentencing factors, it determines that "extraordinary and compelling reasons warrant the reduction," that the defendant is not a danger to the community, and that the reduction is consistent with the instant policy statement. See, USSG 1B1.13.

The application notes to § 1B1.13 set out four categories of "extraordinary and compelling reasons. The fourth category, which is at issue in this case, is a catch-all provision that vests the "Director of the Bureau of Prisons" with the authority to determine whether other "extraordinary and compelling reasons" exist that justify a sentence reduction.

After the First Step Act was amended, district courts were split on the question of whether §1B1.13 "is an 'applicable policy statement[] issued by the Sentencing Commission' for § 3582(c)(1)(A) motions filed by a defendant rather than the Bureau of Prisons Director." *Aruda*, 993 F.3d at 801. In *Aruda*, the Ninth Circuit cleared up this confusion and held, together with most every other circuit, that § 1B1.13 does not apply to § 3582(c)(1)(A) motions filed by a defendant. Id. at 802. In coming to this conclusion, the *Aruda* court relied on the plain text of §

1B1.13, which applies solely to motions filed by the Director of the Bureau of Prisons. It also relied on the legislative history of the First Step Act, which indicates that Congress sought to "expand and expedite compassionate release motions because they had been seldom brought by the BOP." Id. at 801. Although § 1B1.13 is not binding, it "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant." Id. at 802 (citing, *U.S. v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

Although the Sentencing Guidelines Policy Statements may provide helpful guidance, "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *See U.S. v. Booker*, 543 U.S. 220, 245 (2005); *Beck*, 425 F. Supp. 3d at 579; *see also U.S. v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Bame's sentence.

The Court is also aware that on November 1, 2023, the United States Sentencing Guidelines will change. See https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last accessed Sept. 28, 2023). On August 24, 2023, the Commission voted to give retroactive effect to Part A and subpart 1 of Part B of

4

Amendment 821. If Congress does not act to reject the amendment, eligible incarcerated individuals will be able to ask courts to reduce their sentences beginning November 1, 2023. *See* https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment#:~:text=On%20August%2024%2C%202023%2C%20the,sentences%20beginning%20November%201%2C%202023 (last accessed Sept. 28, 2023). Under the forthcoming Guidelines, the Court recognizes that Bame's sentencing guideline range would be significantly lower.

## II.   Whether Bame has Demonstrated Extraordinary and Compelling Reasons

Despite this Court's determination that it has discretion to provide relief, Bame still must demonstrate that extraordinary and compelling reasons support a reduction in her sentence. Bame has cited in support of her motion that certain criminal history used in assessing her sentencing guidelines can no longer be removed due to certain prior convictions being vacated and dismissed with prejudice. Bame also cites that under the new Sentencing Guidelines, her criminal history would further be lowered. The Court agrees.

The Court determines that extraordinary and compelling reasons exist to reduce Bame's sentence. The Court finds that Bame's revised criminal history category and guideline range presents an extraordinary and compelling need for her immediate release.

The Court further finds that 18 U.S.C. §3553(a) supports Bame's immediate release. Section 3553(a) directs this Court to impose a sentence that is sufficient, but not greater than necessary, to further the purposes of sentencing—that is, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. 18 U.S.C. §3553(a)(1), (a)(2)(A)-(D). This Court also considers the nature and circumstances of the offense and a defendant's history and characteristics. 18 U.S.C. §3553(a)(1).

The Court takes note of Bame's strides in completing treatment and courses to better herself. Her record also reflects that she has received good work reviews and has had no disciplinary issues. She does not pose a danger to any other person or the community and the § 3553(a) factors support a sentence reduction.

Accordingly, **IT IS ORDERED:**

Bame's motion for reduced sentence is GRANTED. Bame's sentence for Count II is now reduced to eighty-one months of incarceration.

DATED this __5th__ day of __October__, 2023.

_Brian Morris_ (signature)

Brian Morris, Chief District Judge
United States District Court